UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JOHANN LARIOS,

    *Plaintiff,*

v.

    CASE NO.:

ASSA ABLOY ENTRANCE SYSTEMS
US, INC.,

    *Defendant.*

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Johann Larios ("**Plaintiff**") files this Complaint and Demand for Jury Trial against his former employer, Defendant Assa Abloy Entrance Systems US, Inc. ("**Defendant**"), for damages arising from violations of the Americans with Disabilities Act of 1990 ("**ADA**") and the Florida Civil Rights Act of 1992 ("**FCRA**").

## INTRODUCTION

1. For more than a decade, Plaintiff installed and serviced heavy doors at commercial properties. He gave his body to the job and over time, his back began to deteriorate.

2. In October 2022, his back finally gave out. He required emergency spinal surgery.

3. In January 2023, Plaintiff tried to come back to work. Defendant learned that Plaintiff's surgeon had placed certain restrictions on his work and immediately terminated him.

4. Plaintiff is disabled within the meaning of the ADA and FCRA and seeks damages flowing from Defendant's discrimination against him based upon his disability.

**PARTIES**

5. Plaintiff is a resident of Broward County, Florida. During his tenure with Defendant, Plaintiff was Defendant's employee. 42 U.S.C. § 12111(4). He is a qualified individual under the ADA. 42 U.S.C. § 12111(8).

6. Defendant is a North Carolina corporation registered to do business in Florida. Defendant has more than 500 employees and is an employer pursuant to the ADA and FCRA. 42 U.S.C. § 12111(5)(A).; Fla. Stat. § 760.02(6). Defendant is a covered entity under the ADA and was Plaintiff's employer at all times material. 42 U.S.C. § 12111(2).

**JURISDICTION, VENUE, AND CONDITIONS PRECEDENT**

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 for claims arising under the ADA.

8. This Court has supplemental jurisdiction over Plaintiff's state law claims because such claims are so closely related to his ADA claims that they form part of the same case or controversy. 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over Defendant because Defendant continuously conducts business within this District.

10. Venue is proper in this District because Defendant is subject to personal jurisdiction in this District and because the acts complained of giving rise to Plaintiff's claims occurred in this District. 28 U.S.C. § 1391.

11. Plaintiff has complied with all conditions precedent in advance of filing this claim.

**GENERAL ALLEGATIONS**

12. Plaintiff worked as a service technician for Defendant (through it and its predecessor entities) from 2012 to January 2023.

13. In connection with that work, Plaintiff installed and repaired heavy automatic doors.

14. He also gained considerable insight into service for and repair of doors that had already been installed.

15. As the years went by, the installations grew increasingly hard on him. He repeatedly asked Hector Perez (senior technician) ("**Mr. Perez**") and Cassidy Newton-Cenko (chief administrative officer) ("**Ms. Newton-Cenko**") that he be put primarily on service jobs rather than installation jobs. The installation jobs kept coming his way. His back continued to deteriorate.

16. Frequently, the post-installation back pain was crippling and left him with no choice but to call out of work the day after an installation.

17. In the third week of October 2022, Plaintiff had excruciating backpain while working for Defendant on an installation project. He reached out to his supervisor, office manager Megan Bergens ("**Ms. Bergens**"). He informed Ms. Bergens that he could not walk.

18. He was taken to the emergency room and diagnosed with a severe back injury. The following day, he underwent emergency spinal surgery.

19. In early January 2023, with short-term disability nearly expired and accrued paid time off exhausted, Plaintiff notified Ms. Bergens, that he intended to return to work.

20. Ms. Bergens requested a note from his doctor.

21. Plaintiff supplied Ms. Bergens with a doctor's note dated January 10, 2023, that stated Plaintiff should do repair work rather than installations and not lift over 20 pounds for at least six months.

22. Immediately after providing the note, Plaintiff was called on a conference line with Mr. Perez, Ms. Newton-Cenko, and Kevin Kelly (branch manager). They informed him that due to the limitations contained in the doctor's note, Plaintiff was terminated, effective immediately.

23. This was done because of Plaintiff's disability and even though numerous reasonable accommodations existed that would have allowed Plaintiff to continue working for Defendant.

24. As a result, he lost his health insurance. His rehabilitation and recovery was severely hampered. Plaintiff remains in constant pain. His physical impairment has substantially limited numerous of his major life activities, including sleeping, walking, standing, lifting, and bending.

## COUNT I
## VIOLATION OF ADA (DISCRIMINATION - DISPARATE TREATMENT)

25. Plaintiff realleges and incorporates by reference paragraphs 1-24 as if fully set forth herein.

26. Plaintiff is a qualified individual with a disability. His spinal and related ailments constituted a physical impairment which actually (or as perceived by Defendant) substantially limited one or more major life activities.

27. Defendant was fully aware of Plaintiff's disability.

28. Plaintiff was discriminated against by Defendant, among other ways, due to Defendant's limitation, segregation, and classification of him in a manner that adversely affected his opportunities and status due to his disability, and termination of him based on her disability.

29. The discrimination was undertaken by high-ranking individuals such that the decision constitutes an official decision of Defendant.

30. Multiple high-ranking agents of Defendant were aware of Defendant's discriminatory conduct and failed to take adequate steps to remedy the misconduct despite possessing the ability to do so.

31. Defendant acted with malice or with reckless indifference to Plaintiff's rights. Further, Defendant's management knowingly countenanced or approved of the discrimination, as exhibited by the termination of Plaintiff.

32. As a proximate and direct result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer, damages including emotional distress, inconveniences, loss of income and benefits, humiliation, and other indignities, in an amount to be determined at trial.

## COUNT II
## VIOLATION OF ADA (DISCRIMINATION - REASONABLE ACCOMMODATIONS)

33. Plaintiff realleges and incorporates by reference paragraphs 1-24 as if fully set forth herein.

34. Plaintiff is a qualified individual with a disability. His spinal and related ailments constituted a physical impairment which actually (or as perceived by Defendant) substantially limited one or more major life activities.

35. Defendant was fully aware of Plaintiff's disability.

36. Plaintiff was discriminated against by Defendant, among other ways, due to Defendant's limitation, segregation, and classification of him in a manner that adversely affected his opportunities and status due to his disability, and termination of him based on her disability.

37. Further, Defendant discriminated against Plaintiff by refusing to make reasonable accommodations that would have allowed him to continue to work for it.

38. The discrimination was undertaken by high-ranking individuals such that the decision constitutes an official decision of Defendant.

39. Multiple high-ranking agents of Defendant were aware of Defendant's discriminatory conduct and failed to take adequate steps to remedy the misconduct despite possessing the ability to do so.

40. Defendant acted with malice or with reckless indifference to Plaintiff's rights. Further, the Defendant's management knowingly countenanced or approved of the discrimination, as exhibited by the termination of Plaintiff.

41. As a proximate and direct result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer, damages including emotional distress, inconveniences, loss of income and benefits, humiliation, and other indignities, in an amount to be determined at trial.

## COUNT III
## VIOLATION OF FCRA ((DISCRIMINATION - DISPARATE TREATMENT)

42. Plaintiff realleges and incorporates by reference paragraphs 1-24 as if fully set forth herein.

43. Plaintiff is a qualified individual with a disability. His spinal and related ailments constituted a physical impairment which actually (or as perceived by Defendant) substantially limited one or more major life activities.

44. Defendant was fully aware of Plaintiff's disability.

45. Plaintiff was discriminated against by Defendant, among other ways, due to Defendant's limitation, segregation, and classification of him in a manner that adversely affected his opportunities and status due to his disability, and termination of him based on her disability.

46. The discrimination was undertaken by high-ranking individuals such that the decision constitutes an official decision of Defendant.

47. Multiple high-ranking agents of Defendant were aware of Defendant's discriminatory conduct and failed to take adequate steps to remedy the misconduct despite possessing the ability to do so.

48. Defendant acted with malice or with reckless indifference to Plaintiff's rights. Further, the Defendant's management knowingly countenanced or approved of the discrimination, as exhibited by the termination of Plaintiff.

49. As a proximate and direct result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer, damages including emotional distress, inconveniences, loss of income and benefits, humiliation, and other indignities, in an amount to be determined at trial.

## COUNT IV
**VIOLATION OF FCRA (DISCRIMINATION - REASONABLE ACCOMMODATIONS)**

50. Plaintiff realleges and incorporates by reference paragraphs 1-24 as if fully set forth herein.

51. Plaintiff is a qualified individual with a disability. His spinal and related ailments constituted a physical impairment which actually (or as perceived by Defendant) substantially limited one or more major life activities.

52. Defendant was fully aware of Plaintiff's disability.

53. Plaintiff was discriminated against by Defendant, among other ways, due to Defendant's limitation, segregation, and classification of him in a manner that adversely affected his opportunities and status due to his disability, and termination of him based on her disability.

54. Further, Defendant discriminated against Plaintiff by refusing to make reasonable accommodations that would have allowed him to continue to work for it.

55. The discrimination was undertaken by high-ranking individuals such that the decision constitutes an official decision of Defendant.

7

56. Multiple high-ranking agents of Defendant were aware of Defendant's discriminatory conduct and failed to take adequate steps to remedy the misconduct despite possessing the ability to do so.

57. Defendant acted with malice or with reckless indifference to Plaintiff's rights. Further, the Defendant's management knowingly countenanced or approved of the discrimination, as exhibited by the termination of Plaintiff.

58. As a proximate and direct result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer, damages including emotional distress, inconveniences, loss of income and benefits, humiliation, and other indignities, in an amount to be determined at trial.

## PRAYER FOR RELIEF

Plaintiff requests the Court enter judgment in his favor and award him the following:

a. All statutorily available damages pursuant to the ADA to the fullest extent permitted by law (including backpay, frontpay, compensatory, and punitive damages);

b. All statutorily available damages pursuant to the FCRA to the fullest extent permitted by law (including backpay, frontpay, compensatory, and punitive damages);

c. Award Plaintiff reasonable attorneys' fees and litigation expenses against Defendant;

d. Pre-judgment and post-judgment interest; and

e. Such other relief this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues that are triable to a jury.

Dated: December 20, 2023                    Respectfully submitted,

By: /s/ *Michael A. Boehringer*
Michael A. Boehringer
Florida Bar No.:1018486
mboehringer@pollardllc.com

> Christopher S. Prater
> Florida Bar No.: 105488
> cprater@pollardllc.com
>
> Jonathan E. Pollard
> Florida Bar No.: 83613
> jpollard@pollardllc.com
>
> **Pollard PLLC**
> 401 E. Las Olas Blvd., Ste. 1400
> Fort Lauderdale, FL 33031
> Telephone: (954) 332-2380
> *Attorneys for Plaintiff Johann Larios*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 20th day of December, 2023, a true and correct copy of the foregoing has been furnished by CM/ECF to all counsel of record.

> By: */s/ Michael A. Boehringer*
> Michael A. Boehringer